# CITY OF SACRAMENTO *v.* THE CALIFORNIA STAGE COMPANY.

A Stage Company engaged in carrying passengers to and from Sacramento City, are liable to pay to the city a license tax under the provisions of Section 22 of "An Ordinance authorizing and regulating the issue of Licenses and the collection of a License Tax."

The mere fact that the business of carrying the passengers is not within the municipal limits, does not make the receiving and discharging of them and for contracting them less a business in the city.

APPEAL from the County Court of Sacramento County.

This was an action for the recovery of a license tax claimed by the plaintiffs under the provisions of an ordinance of the city, which is as follows :

" SEC. 22. Every person, company corporation or co-partnership firm engaged in the business of carrying passengers to and from the City of Sacramento, for hire, by means of stage or stages, coach or coaches, or other modes of land conveyance, shall pay for a license to do the same as follows."

Plaintiffs had judgment, and the defendants appealed. The other facts appear in the opinion of the Court.

*Winans* for Appellants.

I. Have plaintiffs the right to frame *any ordinance whatever* imposing a license tax on defendants for the transportation of passengers to and from Sacramento ?

II. If they have such right could it be claimed or enforced under section 22 of the present License Ordinance, upon which section this suit is based ?

1. Have plaintiffs the right to frame any ordinance whatever imposing this tax on defendants ?

Decidedly not. Their charter only gives them the right " to fix and collect a license tax on all theatres or other places of amusement, trades, professions and *business* not prohibited by law, *having regard to the amount of business done by such person or firm thus licensed.*"— Charter of Sacramento, sec. 7.

And this is the only provision in the charter in reference to the city's right to impose a license tax of any kind on any pursuit whatever. Does this provision in the charter give plaintiffs the authority in question ? It will be admitted that all rights conferred by a charter are to be construed strictly, and not to be extended by implication. Now this provision authorizes the imposition of a tax upon " business," (which is the only term used therein under which the pursuit in question, viz., carrying passengers for hire, could be embraced), " having regard to the amount of business done by such person or firm thus

licensed." This plainly refers to business carried on within the city limits, the amount of which could therefore be ascertained. But how could any amount of business be ascertained in defendants' case? They carry passengers to and from the city, and the whole journey to and from the termini is a unit. The journey from Sacramento to Nevada is a unit. The journey from Marysville to Sacramento is a unit. A public corporation has no jurisdiction whatever beyond its municipal limits. Waterhouse v. Dorr, 4 Greenleaf, 333; Hartford Fire Ins. Co. v. Hartford, 3 Conn. 15; Richards v. Daggett, 4 Mass. 557.

As the right to tax is restricted to the city limits, there is a palpable want of jurisdiction in the present case. The calling of defendants is not exercised within the city limits. They do not even receive any hire for bringing passengers within the city or taking them out of it. As far as defendants are concerned the city is a point.

As to the second point.—It will be observed that the License Tax is for carrying passengers to or from Sacramento, not for selling tickets in that city.

Now these words " to " or " from " either signify " to or from," or else " into or out of." Plaintiffs' counsel contends that the proper interpretation of the word " to " is " into," and of the word " from " is " out of." But plaintiffs themselves did not so construe the meaning of those words, for by reference to their printed ordinances it will appear that shortly after the commencement of this suit, and after the defense therein had been divulged, they amended the section under review by substituting for the words " to " and " from," the words " into " and " out of."

But either construction of the words " to and from," as used in the section of the ordinance now under examination, whether you take that of the defendants or that contended for by plaintiffs' counsel, (which, to say the least of it, is very far fetched and forced) would be equally fatal to plaintiffs' right to recover in this case.

*George R. Moore* for Respondents.

There is legitimately but one question for discussion in this case. The controversy, by the pleadings, is narrowed down to one single

point.   The complaint charges that defendants are members of and compose a certain corporation known as the California Stage Company. That said Company have an office in the City of Sacramento, where they carry on and transact their business, and that they are constantly engaged in the business of carrying passengers, for hire, to and from said city, and that under and by virtue of the ordinance referred to they are liable for the license tax charged by plaintiffs.[9]   All these facts defendants admit to be true.

Here it will be seen, defendants admit that a part of their business (to wit, carrying passengers by means of stages to and from said city) is transacted and carried on within the limits and territorial jurisdiction of the city.   No one will for a moment contend that the city has a right to tax the defendants for that portion of the business transacted outside of her jurisdiction; nor do we believe that any one can entertain a serious doubt that the city has the right and power to tax the Stage Company upon that portion of their business transacted here. We do not believe there is a wholesale house in Sacramento that does not transact a large portion of their business outside of the city.   Many of them have branch stores in the mountains, which they supply from their stores here.   Yet they pay a license tax upon all their business without a question as to the right of the Council to levy the same. Defendants' business is co-extensive with the limits of the State; they are not confined to any particular place, and therefore pay no taxes anywhere.

But, says appellants' counsel, the ordinance says " to and from the city."   That certainly cannot mean *to within* and *from within;* it cannot reach beyond the outside limits, and therefore the City Council has no jurisdiction.   But this attempt to torture language and pervert obvious meaning cannot for a moment be countenanced by this Court.

" Statutes should not in any case be so strictly construed as to defeat the obvious intention of the Legislature."   Randolph *v.* The State, 9 Texas, 521.

" When the literal interpretation of a statute would lead to a gross absurdity of restriction, the Court will extend its operation to cases within the same equity, though at the expense of forcing the construction of the words."   Henry *v.* Tilson, 17 Vermont, 478.

Here the meaning and intention of the Common Council cannot be misunderstood. The license tax is levied upon business transacted within the city limits. She has that right as a power, a sovereignty.

Defendants have their office in Sacramento ; they sell their tickets and transact their business here. They are protected by our laws, and receive all the privileges and benefits of other citizens, and are morally and legally bound to contribute their just proportion for the support of government.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Under a provision of the City Charter, the authorities have power " to levy and collect a license tax on theatres, and on trades, professions and business," etc. Under this section of the Charter, they imposed the tax on the defendants, who are a Company whose office and place of business is in the city, but whose business is the carriage of passengers from and to the city. The question is made whether, inasmuch as the larger portion of this work of transportation is done without the territorial limits of the city, the authorities have a right to levy this tax upon them ; and, on this question, we have no doubt. The Company receive and discharge their passengers, and make contracts here for their conveyance, and they have their offices and property here, within the protection of the municipal laws. The mere fact that the business of carrying the passengers is not within the municipal limits, does not make the receiving and discharging of them and for contracting for them less a business here.

If this business is not a business in Sacramento, it is difficult to say where it is. The Company have as much need of the protection of the laws of the corporation, and are as much interested in the police expenditures, especially for streets, roads, etc., as any other persons, and we think are within the words and spirit of the taxing power.

Judgment is affirmed.