[No. 6,238.—Department One.]

# THE CITY OF SANTA CRUZ v. THE SANTA CRUZ RAILROAD CO.

| | |
|---|---|
| 56 | 143 |
| 86 | 258 |
| 56 | 143 |
| 92 | 52 |
| 56 | 143 |
| 95 | 380 |
| 56 | 143 |
| 102 | 166 |
| 56 | 143 |
| 114 | 506 |

Transfer of Case from the Justices' to the District Court—Practice —Amendment—Jurisdiction.—The jurisdiction of the District Court over cases transferred to it from the Justices' Court, under § 838 of the Code of Civil Procedure, is special, and the action must be tried or determined upon the pleadings as made in the Justices' Court.

Id.—Police Court.—It seems that there is no provision of the law to authorize a transfer of an action from the Police to the District Court.

Id.—Id.—Justices' Court Jurisdiction—Fine, Forfeiture, or Penalty Ordinance.—An action to recover a fine, forfeiture, or penalty imposed by an ordinance of a city, may perhaps be maintained in a Police Court as a civil action, where a certain and specific sum is imposed as a fine or penalty for the breach of an ordinance; but the jurisdiction of such actions is conferred by the Code of Civil Procedure on the Police and not on Justices' Courts.

Id.—Action to recover License.—If a person carrying on a business for which a license is required neglects or refuses to take out a license, he may be subject to a criminal prosecution, or may be held to agree to pay a specific penalty instead of the amount of the license. But he certainly owes nothing for a license until he has taken one out. An action to recover an amount alleged to be due as a license cannot be maintained.

Appeal from a judgment for the defendant in the Twentieth District Court, County of Santa Cruz. Belden, J.

The facts are stated in the opinion.

After the decision in Department, the respondent filed his petition that the appeal be reheard in Bank, and the application was denied.

*W. D. Storey*, for Appellant.

The Justices' Court in the City and County of Santa Cruz, in addition to its general powers under § 114 of the Code of Civil Procedure, was clothed with Police Court powers by virtue of the act incorporating the plaintiff (Stats. 1875–76 p. 206); and Police Courts have jurisdiction of civil actions of this kind. (Code Civ. Proc. §§ 929–933, 121; Pol. Code, § 4,427, subd. 6.) District Courts have jurisdiction in such actions. (Code Civ. Proc. § 57.) The ordinance and the defendants' liability under it are sufficiently set forth. (Pol. Code, § 4432, and Code Civ. Proc. § 929.) The city had authority under its

charter and other laws to require the payment of a license by defendants. (Stats. 1875–76, p. 192; Civ. Code, §§ 470, 471, 497, 508.) It has been decided by the Supreme Court of this State, under a charter substantially the same as that of the plaintiff, that a license tax can be collected by an ordinary suit in a Justices' Court. (*City and Co. of Sacramento* v. *Crocker*, 16 Cal. 120.)

*Charles B. Younger*, for Respondents.

Neither this Court nor the District Court have jurisdiction herein. (*Brown* v. *Rice*, 52 Cal. 489; *Cornett* v. *Bishop*, 39 id. 319.)

McKINSTRY, J.:

The complaint alleges, that defendant is a corporation, etc., carrying on the " business of railroading and operating railroad passenger cars in said State," and that plaintiff is a municipal corporation, created by and acting under an act-entitled " An Act to reincorporate," etc., approved March 11th, 1876. " That on, etc., the mayor and common council of said City of Santa Cruz, this plaintiff, did, in pursuance of the power vested in them by law, pass an ordinance of said city entitled ' Ordinance No. 4.' That chapter first of said ordinance is therein designated ' Relating to City licenses.' That § 1 of said chapter first of said ordinance is in the words and figures following, to wit: ' Section 1. It shall be unlawful for any person to engage in or carry on any business, trade, profession, or calling, for the transaction or carrying on of which a license is required, without first taking out or procuring the license required for such business, trade, profession, or calling.' That § 8 of chapter 1 of said ordinance provides and states, that for each railroad passenger car moved by steam in said city, a license tax of twenty-five dollars per annum shall be paid to said city by those carrying on the business of conveying passengers in such cars in said city. And said ordinance provides, that persons carrying on such business in said city shall be required to take out or procure a city license therefor, before it shall be lawful to carry on said business in said city. That § 6 of said chapter 1 of said ordi-

nance reads and provides as follows : ' All licenses shall be paid
for in advance, in the gold and silver coin of the United States
of America.' That on the first day of June, 1876, said ordi-
nance was duly signed and approved by the mayor of said city,
and duly attested by the clerk of said city, and said ordinance
now is, and ever since June 1st, 1876, has been, in full force,"
etc. The complaint further charges, that after said ordinance
was passed and approved, and at divers times before the com-
mencement of this suit, the defendant has carried on and now
carries on in said city the business of conveying passengers in
passenger railroad cars, moved by steam, and within the corpor-
ate limits of said city, and ever since June 1st, 1876, and from
that date to commencement of this action, defendant ran, used,
and operated in said business, etc. That defendant has not
taken out a license, nor paid said license tax or fee, etc.
That before the commencement of this action, plaintiff, by its
collector duly authorized, duly demanded payment, etc. But
defendant refused, etc. "That there was at the commencement
of this action, and now is, due and owing from said defendant
to plaintiff, by reason of the premises, the sum of $225 in gold
and silver coin of the United States." The complaint concludes
with a demand for " judgment against defendant for the sum of
$225 in gold and silver coin of the United States, with costs of
this action."

To the complaint defendant demurred on the grounds : "1.
That said Court has no jurisdiction of the subject of the action.
2. That said plaintiff has no legal capacity to sue or bring this
action. 3. That there is a defect of parties plaintiff, in that the
city treasurer and collector of said plaintiff should have been
named the party plaintiff. 4. That it is not alleged therein
that the city clerk of said plaintiff issued to the collector of said
plaintiff a license certificate, for the business of which a license
was required of said defendant. 5. That it is not therein al-
leged that a list was made of the persons or corporations doing
business in said City of Santa Cruz, subject to a license or sub-
ject to pay a license. 6. That said amended complaint does
not state facts sufficient to constitute a cause of action."

The Court below sustained the demurrer, with leave to plaint-
iff to file an amended complaint in sixty days. The plaintiff

declining to amend, final judgment was entered that plaintiff take nothing by the action, and that defendant recover its costs, etc.

The complaint, the substance of which is given above, and which is the only complaint in the transcript, is headed:

" In the District Court
of the
Twentieth Judicial District
of the
State of California.
In and for the County of Santa Cruz.

| The City of Santa Cruz, Plaintiff, | Cause removed to this Court from the Justices' Court of Santa Cruz Township, in said County. |
|---|---|
| v. | |
| The Santa Cruz Railroad Company, Defendant. | |

Amended Complaint."

For aught that appears on the face of this pleading (except the marginal note opposite the names of the parties) this action was brought in the District Court by filing a complaint therein, and the issuance of a summons thereon.

The transcript, however, contains the following stipulation:

" It is hereby stipulated by and between the respective parties to this action, that said action was commenced before a justice of the peace in said City and County of Santa Cruz, and that a summons in due form was duly served upon the defendants therein.    That in said action the original and written complaint of plaintiff set forth plaintiff's cause of action as the same is set forth in the amended complaint herein after named. That defendant demurred, by written demurrer, to said complaint in said Justice's Court, and that said demurrer was overruled by said justice.    That thereupon, defendant filed its written answer to said complaint in said Justices' Court, which answer was duly verified, contained a general denial of the complaint, and an averment that defendant's railroad passed through said city, and also the following allegation, to wit: ' And said defendant avers, that said plaintiff had not, at any time, nor has it now, the right or power to levy, assess, or collect a license from

said defendant for any of its cars, or to require said defendant to pay a license for any of the cars used on its said railway, and that the license claimed by plaintiff is illegal.' That upon the filing of said answer, said justice suspended further proceedings in said action, and certified all the pleadings therein to the clerk of this District Court, and said certified pleadings were filed with said clerk. That thereafter the defendant appeared in the action in this Court, and again presented its demurrer to said complaint, which demurrer was sustained by this Court. That thereupon, by leave of this Court, the plaintiff duly filed and served the amended complaint filed February 13th, 1878.

"Dated July 18th, 1878.

" *W. D. Storey*, attorney for Plaintiff and Appellant.

" *Charles B. Younger*, attorney for Respondent."

From the foregoing, it appears that the complaint filed in the Court from which the action was transferred was in all respects like the amended complaint in the transcript, save the *title.* Assuming the Court from which the action was transferred was the Justices' Court, that Court had power to remove the action to the District Court, only by reason of the verified answer to the effect that the legality of the license tax or impost would be necessarily involved in the determination of the action. (Code Civ. Proc. 838.) The jurisdiction of the District Court under § 838 was *special,* and that Court could hear and determine the cause, only after the pleadings before the justice were filed with its clerk. The District Court had jurisdiction, only because the pleadings had before the justice, and filed with its clerk, presented the issue of the legality or validity of the tax or impost; and could then take jurisdiction only for the purpose of trying the issue as to the legality of the tax or impost; since, the amount being less than three hundred dollars, the Justices' Court had jurisdiction to pass upon every other issue.

It follows, that the District Court ought not to have permitted the defendant, who, by filing its sworn answer that the legality of the license was necessarily involved, had brought the case into the District Court, to abandon the only issue which gave that Court jurisdiction, and demur to the complaint upon

other grounds, all of which—with the exception that the Court had no jurisdiction of the subject of the action, if that objection can be considered as addressed to the jurisdiction of the *District Court*—could have been, and in fact were, urged by the demurrer in the Justices' Court.

The action should have been tried or determined in the District Court upon the pleadings in the Justices' Court.

It does not follow, however, that the defendant, by merely filing a verified answer alleging the illegality of the license, could compel the District Court to try that issue, if in fact the issue did not and could not arise in the Justices' Court.

The action, as appears from the transcript, was commenced in the Justices' Court. If, however, it could be assumed that the action was commenced in the Police Court, no provision of the statute has been referred to by counsel, nor, on examination, have we been able to find any provision of law which authorizes a transfer of an action from the Police to the District Court. If, therefore, the District Court could have treated the action as having originated in the Police Court, it should have returned the case to the last-named Court.

But the statement in the stipulation is clear and positive, that " the action was commenced before a justice of the peace."

The action was not brought to recover " a fine, forfeiture, or penalty " imposed by an ordinance of the city—a class of actions which *perhaps* may be maintained in the Police Courts as " civil actions," where a certain and specific sum is imposed as a fine or penalty for the breach of an ordinance. (Code Civ. Proc. §§ 929–933.) If such an action may be maintained in the Police Court, it must rest upon the theory that each corporator has agreed to pay the specific sum, fixed by way of penalty, in case he shall not comply with the ordinance. It is not necessary to inquire whether any such obligation, or implied promise, can be assumed under our system of municipal corporations, since by the Code of Civil Procedure the Police Courts, and not the Justices' Courts, are given jurisdiction of such actions ; and, as we have seen, an action could not be transferred from the Police to the District Court.

The present action was brought in the Justices' Court *to recover the amount alleged to be due as a license tax from defendant to plaintiff.*

The question, Can a suit be maintained for the amount of a license tax claimed to be due under a city ordinance, *which requires a license to be taken out,* when no license has in fact been taken out? has never been determined by the Supreme Court of this State.   Neither in the *City of Sacramento* v. *The California Stage Company*, 12 Cal. 134, nor in *San Jose* v. *San Jose and Santa Clara Railroad*, 53 Cal. 475, was the question considered.

It would seem that, if the sum here sued for is due from defendant to plaintiff, it is due as the consideration for a license to conduct the business it is carrying on; but the complaint alleges that no license has in fact been taken out.

There is not even an averment that the city, by its agent, ever offered—conditionally or otherwise—to issue a license to defendant, except immediately before the commencement of this action.   If defendant had violated the ordinance, it may be that its agents, immediately connected with the unlawful act, might have been prosecuted criminally; or it may be, if a specific fine was annexed to its violation by the ordinance, that defendant might have been sued in the Police Court for the amount of the fine.   But we know of no legal principle which would enable us to assume that defendant had, by implication, agreed to pay the amount of a license tax without taking out a license.   If it is liable for the sum required to be paid for a license *now*, by virtue of an implied promise, it has been liable in the same manner ever since it commenced to do business.   While during the same period its agents have been liable to punishment—assuming the ordinance to have provided a punishment—because defendant had neglected to take out a license and pay the fee, in advance of doing the prescribed business.   No officer of the city was authorized to permit the defendant to do business *on trust*—on its promise that it would take out a license.

The difference between the present and an action to recover a specific fine or penalty is manifest.   The person carrying on a business for which a license is required cannot be compelled to take out a license.   If he neglect or refuse to do so, he may be subject to a criminal prosecution, or he may be held to have agreed to pay a specific penalty instead of the amount of the license tax; but he certainly owes nothing *for a license* until he has taken out a license.

*State of California* v. *Poulterer*, 16 Cal. 514, is not applicable. The Court there said: " We agree with counsel for respondent that this is not a tax on the auctioneer, but a tax on the sale of goods (or the proceeds of the sale), the auctioneer being made the collector of the State for the amount of the tax. This seems to be the understanding in the States of Pennsylvania and Massachusetts in regard to auctioneers, under laws not unlike those here in this respect. (See also 4 Fla. 402, *Mosely* v. *Tift.*) The auctioneer receiving these proceeds, or making these sales, is authorized to retain this percentage, and settles with the State in the manner directed by the statute."

Here the action was commenced, not against an agent of the State who retained a tax which he had collected, or ought to have collected, for the State, but against an unlicensed carrier for the amount he would have paid had he received a license.

Since the complaint did not contain any statement of a cause of action, the demurrer of defendant should have been sustained in the Justices' Court. Since the complaint did not contain a statement of a cause of action, it is plain that the determination of the action could not necessarily involve the legality of any tax, assessment, impost, or municipal fine. The District Court ought, therefore, to have refused to entertain jurisdiction to try or otherwise determine the action, than by dismissing it, or remanding it to the Justices' Court.

The judgment is reversed, and the cause is remanded, with directions to the Court below to strike out the demurrer to the complaint, and thereupon, upon the complaint and answer from the Justices' Court filed with the clerk of the said District Court, to dismiss the action or retransfer the same to the Justices' Court.

McKEE, J., and ROSS, J., concurred.

In Bank (on petition for rehearing).

By the COURT:

In the petition that this case be heard in Bank, plaintiff relies upon *City and County of Sacramento* v. *Charles Crocker*, 16 Cal. 120.

An examination of the report of that case, however, shows that the judgment turned upon the power given the corporation by its charter " to levy taxes and to cause the same to be collected," and an *ordinance* passed under and by virtue of that power. (See opinion and brief of counsel for appellant.) The language of the "act to reincorporate the city of Santa Cruz " is more restricted than that employed in the charter of Sacramento. The thirteenth section of that act reads: " The common council has power, and it is hereby made *their duty* to provide *by ordinance*, for the levying and collecting of all city taxes, and in so doing shall be governed by the State laws in reference to the levying and collection of State and county taxes, so far as applicable," etc. Assuming, but in view of other sections of the act not deciding, that the common council might, *by ordinance*, provide for the collection of *licenses* in an ordinary action brought before a justice of the peace, the complaint does not recite nor refer to any such ordinance.

There is nothing in the opinion filed in Department No. 1 which can be construed as indicating a doubt as to the power of the legislature to authorize a city council to provide the mode by which licenses may be collected, or as to the power of a city council, when thus authorized, to provide by ordinance for the collection of license taxes by civil actions brought by the city in a municipal court, or even in another court. Whatever the true rule with reference to those matters, no such question is involved in the present case.

Petition denied.