WESTERN UNION TELEGRAPH COMPANY *v.* ALABAMA STATE BOARD OF ASSESSMENT.

ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 115. Submitted November 15, 1889. — Decided December 16, 1889.

No tax can be imposed by a State upon telegraphic messages sent by a company which has accepted the provisions of Rev. Stat. §§ 5263–5268, or upon the receipts derived therefrom, where the communication is carried, either into the State from without, or from within the State to another State.

A statute of Alabama imposed a tax "on the gross amount of the receipts by any and every telegraph company derived from the business done by it in this State." The Western Union Telegraph Company reported to the board of assessors only its gross receipts received from business wholly transacted within the State. The board required of the company a further return of its gross receipts from messages carried partly within and partly without the State. The company made such further return and the tax was imposed upon its gross receipts as shown by the two returns; *Held*, that the statute of Alabama thus construed was a regulation of commerce, and that the tax imposed upon the messages comprised in the second return was unconstitutional.

THE facts which raised the federal question are stated in the opinion.

*Mr. Gaylord B. Clark* and *Mr. Thomas G. Jones* for plaintiff in error.

*Mr. John T. Morgan* for defendants in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This case comes before us on a writ of error to the Supreme Court of the State of Alabama.

The question on which the jurisdiction of this court depends has been decided in this court so frequently of late years, several of the decisions having been made since the judgment of the Supreme Court of Alabama was delivered, that but little remains to be said in the present case except to show that it comes within the principles of the cases referred to.

That principle is, in regard to telegraph companies which have accepted the provisions of the Act of Congress of July 24, 1866, sections 5263 to 5268 of the Revised Statutes of the United States, that they shall not be taxed by the authorities of a State for any messages, or receipts arising from messages, from points within the State to points without or from points without the State to points within, but that such taxes may be levied upon all messages carried and delivered exclusively within the State. The foundation of this principle is that messages of the former class are elements of commerce between the States and not subject to legislative control of the States, while the latter class are elements of internal commerce solely within the limits and jurisdiction of the State, and therefore subject to its taxing power. The following cases in this court have fully developed and established this proposition: *Pensacola Tel. Co.* v. *Western Union Tel. Co.*, 96 U. S. 1; *Telegraph Co.* v. *Texas*, 105 U. S. 460; *Western Union Tel. Co.* v. *Massachusetts*, 125 U. S. 530; *Ratterman* v. *Western Union Tel. Co.*, 127 U. S. 411; *Leloup* v. *Port of Mobile*, 127 U. S. 640; *Fargo* v. *Michigan*, 121 U. S. 230; *Philadelphia and Southern Steamship Co.* v. *Pennsylvania*, 122 U. S. 326.

The plaintiff in error instituted its proceedings in the state court by a writ of *certiorari*, directed to E. A. O'Neal, governor; C. C. Langdon, secretary of state; M. C. Burke, auditor; and Frederick H. Smith, treasurer; composing the state board of assessment, for the purpose of correcting the error which they had made in an assessment for taxation of the gross receipts of the company. This board was invested by the law of Alabama with authority to assess for taxation the items of property of railroad companies returned to the auditor of the state, (section 13 of the act approved February 17, 1885, Laws of 1884–5, p. 1,) and by section 15 of the same act a sim-

ilar authority is conferred upon it in reference to telegraph companies whose lines, or any part thereof, are within the State. By an act to levy taxes for the use of the State, and the counties thereof, approved December 12, 1884, it is declared by subdivision 6, section 1, that a tax shall be levied " on the gross amount of the receipts by any and every telegraph, telephone, electric light and express company, derived from the business done by it in this State, at the rate of two dollars on the hundred dollars." The telegraph company in making its report of gross receipts to this board of assessment included only those received from business transacted wholly within the State of Alabama. The board were not willing to accept this report, and required the company to make report of its receipts from all messages, whether carried wholly within or partly without the State, and, against the remonstrances of the company, decided that this sum should be the amount on which the tax of two per cent should be paid. It was to correct the supposed error of this assessment that the writ of *certiorari* was issued by the Circuit Court of Montgomery County to the governor and others constituting that board of assessment. That court held the assessment valid, and made an order quashing the writ of *certiorari* and dismissing the proceeding. On appeal to the Supreme Court of the State this decision was affirmed, (80 Alabama, 273,) and the case is now before us, on a writ of error, to review that judgment of affirmance. In the opinion of the Supreme Court of Alabama, which is found in the record, the point mainly discussed is the construction of the tax law, in regard to the meaning of the words " gross receipts derived from business done in this State," and also whether, " if that means all the receipts of the company for business having connection with lines within the State, it is consistent with the constitution of Alabama." Of these questions this court has no jurisdiction; but, having decided that the statute, by fair interpretation, included all receipts derived from business done in the State, and actually received there, though the message may have been delivered at, or may have been sent for delivery from, some office out of the jurisdiction of the State, the court proceeds: "Though thus con-

strued, the statute is not an unauthorized interference with interstate commerce. This question is fully and ably considered and discussed in the following cases: *Western Union Tel. Co.* v. *Richmond*, 26 Grattan, 1; *Western Union Tel. Co.* v. *State*, 55 Texas, 314; *Western Union Tel. Co.* v. *Mayer*, 28 Ohio St. 521; and *Port of Mobile* v. *Leloup*, 76 Alabama, 401; and is expressly decided in respect to a tax on the gross receipts of railroad companies, they consisting in part of freights received for transportation of merchandise from the state to another state, or into the state from another, in *State Tax on Railway Gross Receipts*, 15 Wall. 284; and in *Osborne* v. *Mobile*, 16 Wall. 479." 80 Alabama, 281.

It will be observed that the authorities relied on by the Supreme Court of Alabama to sustain its judgment in this case are mostly decisions of state courts. The case of *The Western Union Tel. Co.* v. *State*, 55 Texas, 314, and the case of *Port of Mobile* v. *Leloup*, 76 Alabama, 401, have been reversed by the decisions of this court in the same cases on writ of error to the state courts. Of the cases already referred to as establishing the proposition which we have stated in the early part of this opinion, those of *Pensacola Tel. Co.* v. *Western Union Tel. Co.*, 96 U. S. 1; *Telegraph Co.* v. *Texas*, 105 U. S. 460; *Western Union Tel. Co.* v. *Massachusetts*, 125 U. S. 530; *Ratterman* v. *Western Union Tel. Co.*, 127 U. S. 411, and *Leloup* v. *Port of Mobile*, 127 U. S. 640, are all cases in regard to taxes upon telegraph companies by state authorities, and all of them hold that no tax can be imposed upon messages, or upon the receipts derived from messages, where the communication is carried either into the state from without, or from within the state to another state.

In the earliest of these cases, *Pensacola Tel. Co.* v. *Western Union Tel. Co.*, the statute of Florida had attempted to confer upon a corporation of its own state, the Pensacola Telegraph Company, an exclusive right of doing the telegraph business within that state. This court held, affirming the judgment of the Circuit Court of the United States for that district, that this statute was a regulation of commerce among the States forbidden by the Constitution of the United States

to the State of Florida. In the next case, that of the *Telegraph Co.* v. *Texas*, in which that State had imposed a tax of one cent for every full rate message sent, and one-half cent for every message less than full rate, on the business of the Western Union Telegraph Company, many of the messages were by the officers of the government on public business, and a large portion of them were to places outside of the state. The company contested the constitutionality of this law, and the case came to this court, where it was said that a telegraph company occupies the same relation to commerce as a carrier of messages, that a railroad does as a carrier of goods. Both companies are carriers, and their business is commerce itself. The court then went on to consider the authorities, and said further that it followed that the judgment under review, so far as it included the messages sent out of the state or for the government on public business, was erroneous. The rule that the regulation of commerce, which is confined exclusively within the jurisdiction and territory of the State, and does not affect other nations or states, that is to say, the purely internal commerce of the State, belongs exclusively to the State, was said to be as well settled as that the regulation of commerce, which does not affect other nations or states or Indian tribes, belongs to Congress. The judgment of the Supreme Court of Texas was, therefore, reversed.

The case of *Western Union Tel. Co.* v. *Massachusetts* was a question growing out of the taxation of the telegraph company by the State of Massachusetts, and the same principle we have already considered was asserted in that case, after a general review of the authorities upon the subject.

In *Ratterman* v. *Western Union Tel. Co.*, the same question arose on a writ of error to the Circuit Court of the United States for the Southern District of Ohio, where, after a full review of the whole subject, this court said that there was really no question, under the decisions of this court, in regard to the proposition that so far as a tax was levied upon receipts properly appurtenant to interstate commerce it was void; and that so far as it was only upon commerce wholly within the State it was valid. The commerce here mentioned was tele-

graph business, and the receipts were receipts for telegraph
messages.   This case arose upon a certificate of division of the
judges who presided at the trial, and in remanding the case
the court said: "We answer the question in regard to which
the judges of the Circuit Court divided in opinion, by saying
that a single tax, assessed under the Revised Statutes of Ohio,
upon the receipts of a telegraph company which were derived
partly from interstate commerce and partly from commerce
within the State, but which were returned and assessed in gross,
and without separation or apportionment, is not wholly invalid,
but is invalid only in proportion to the extent that such receipts
were derived from interstate commerce;" and, concurring
with the circuit judge in his action, enjoining the collection of
the taxes on that portion of the receipts derived from inter-
state commerce, and permitting the treasurer to collect the
other tax upon property of the company and upon receipts
derived from commerce entirely within the limits of the state,
the decree was affirmed.

In the subsequent case, *Leloup* v. *Port of Mobile*, found in
the same volume, the question arose upon a conviction under
the statute of Alabama on an indictment for failing to take
out a license tax by the telegraph company, imposed by the
city of Mobile on all telegraph companies.   Edward Leloup,
the agent of the company, was convicted under this proceed-
ing, his conviction affirmed by the Supreme Court of Alabama,
and its judgment brought to this court on writ of error.   This
court held that, his company having complied with the act of
Congress of July 24, 1866, the State could not require it to
take out a license for the transaction of business in the city,
and that a general license tax on the telegraph company af-
fected its entire business, interstate as well as domestic and
internal, and was unconstitutional.

We think these cases are so directly in point on the ques-
tions arising in the present case that they must control, and as
the record of the case presents the means by which the re-
ceipts arising from commerce wholly within the State, and
from that which, under these definitions, may be called inter-

state commerce, can be separated, the judgment of the Supreme Court of Alabama is .

*Reversed, and the case remanded to it, with directions for further proceedings in conformity with this opinion.*