THE CITY OF LEAVENWORTH v. S. R. SMITH.
No. 493.

1. OCCUPATION TAX — *city has reasonable discretion what classes of business shall be subject to.* The law authorizing cities to tax certain callings, trades, professions and occupations empowers the legislative body of a city to use reasonable discretion as to what kinds of business in the classes mentioned it will so tax.

2. ———— *under ordinance imposing, for business within city, business which does not begin and end in city not subject to.* A city cannot collect a license tax from an express company that does no business that both begins and ends within its limits, under an ordinance providing that every express company, corporation, or agency, for business done exclusively within the city, shall pay the sum of seventy-five dollars per annum.

Appeal from Leavenworth District Court. Hon. Louis A. Myers, Judge. Opinion filed April 30, 1897. *Reversed.*

166      CITY OF LEAVENWORTH V. SMITH.

N. Dept.            Opinion.   Wells, J.            5 Kan. App.

No appearance for appellant.

*J. W. Haussermann* and *J. H. Wendorf*, for appellee.

WELLS J. The appellant, who was agent of the United States Express Company at Leavenworth, was arrested because said Company refused to pay a license tax of seventy-five dollars per year, as required by a city ordinance ; and was convicted in the police court and fined one hundred and fifty dollars. On appeal to the District Court, he was again convicted and fined, and from that judgment he appeals. So far as it relates to this case, the ordinance reads as follows :

"SECTION 1. No person, firm, or corporation, either as principal or agent, shall carry on or conduct or manage any business, occupation, trade, profession, or calling hereinafter named within the City of Leavenworth, without first paying into the city treasury the sums named hereinafter and taking a license therefor as provided in this ordinance.

"SEC. 2. Every express company, corporation or agency for business done exclusively within the City of Leavenworth, and not including any business done to and from points without the State, and not including any business done for the Government of the United States its officers or agents, shall pay the sum of seventy-five dollars per annum.

"SEC. 3. Every person, firm or corporation required by this ordinance to pay a license tax shall pay the same to the city treasurer before conducting or carrying on such business, occupation or calling, except payments which are to be made monthly or otherwise as herein provided, which payment shall be made in advance of the time of exercising such privilege ; and shall take a receipt therefor and deposit the same with the city clerk who shall issue a license to such person signed by himself and the mayor of the city, describing

CITY OF LEAVENWORTH v. SMITH.     167

April 30, 1897.      Opinion.   Wells, J.              E. Div.

the business, occupation or profession for which such license shall be given.

"SEC. 4. Any person who shall violate any of the provisions of this ordinance shall on conviction thereof be deemed guilty of a misdemeanor, and be fined in any sum not less than the amount of the license tax required to be paid nor more than double the amount thereof."

The first claim of error is, that "the ordinance is void because it attempts to extend and vary the powers delegated to the City by the State of Kansas." The law under which said ordinance was passed, so far as necessary to cite in this connection, reads as follows:

"The mayor and council shall have the care, management and control of the city and its property and finances, and shall have power to enact ordinances for the purposes hereinafter named, not repugnant to the constitution and laws of this state, and such ordinances to alter, modify and repeal, and shall have power,—

.   .   .   .   .   .   .   .   .   .   .   .

"*Third.* To levy and collect a license tax upon and regulate any and all callings, trades, professions and occupations conducted, pursued, carried on or operated within the limits of such city, including auctioneers, .   .   . dentists, druggists, express companies and agencies, .   .   . railroad and railroad companies, (including street or horse railroads,) .   .   . telegraph and telephone companies, .   .   . and any and all other businesses, trades, avocations or professions whatever, not above mentioned." ¶ 555, Gen. Stat. 1889.

The contention is, that the following part of section two of the ordinance was not authorized by the statute, and renders the ordinance void: "*And not including any business done to and from points without the State, and not including any business done for*

168     CITY OF LEAVENWORTH V. SMITH.

N. Dept.          Opinion. Wells, J.          5 Kan. App.

*the Government of the United States its officers or agents.''* We fail to see wherein this attempts to extend or vary the powers delegated to the City by the State. It may be that it does not use all the power the State has given, but it does not assume to use more than was given; and the latter is what is prohibited by the authorities cited by plaintiff in error in support of this objection. We think it is well settled that the law authorizing a city to tax certain callings, trades, professions and occupations empowers the legislative body of the city to use some discretion as to what kinds of business in the classes mentioned it will tax. For instance, it may tax all lawyers and no ministers; or it may tax doctors as a class, but exempt those engaged exclusively in the practice of their profession in public hospitals. In this instance, the business so excepted was probably not taxable under the law of the State, nor of the United States; admitting that the company did some business for which it was taxable.

The remaining grounds of error can, we think, be properly considered together under the general question: Can a city collect a license tax from an express company, doing no business that both begins and ends within its limits, under an ordinance providing that '' every express company, corporation, or agency for business done exclusively within the City of Leavenworth . . . shall pay the sum of seventy-five dollars per annum ''?

Assuming that the statute and the ordinance referred to are each valid as they read, are the facts such as to render the express company liable for said taxes? The ordinance says: "For business done exclusively within the City of Leavenworth." What meaning shall be given to the word '' business ''? The

CITY OF LEAVENWORTH V. SMITH.     169

April 30, 1897.     Opinion.   Wells, J.     E. Div.

unloading of the goods from the car by the railroad express-agent; the hauling them to the city office or the consignee; the receiving the charges thereon by the city agent; the keeping of the office and books of the company by the agent, or any of the other numerous details of the business in the City; — are these, or any or all of them, at one office, what is meant by the word? We think not. The business for which express companies are organized and conducted is to receive goods or packages at one place, and transport them, and deliver them at another place, as directed by the consignor. When we speak of business done by an express company, we understand it to have reference to one or more items of this kind of business; and if this express company received any goods or packages in one part of the City of Leavenworth and delivered them to another part of the city, this business would be done exclusively within the City of Leavenworth, and, under the ordinance, could be properly taxed.

This principle is clearly stated and fully recognized in *Western Union Telegraph Company v. Alabama State Board of Assessment* (132 U. S. 472). Mr. Justice Miller says: " That principle is . . . that they shall not be taxed by the authorities of a State for any messages, or receipts arising from messages, from points within the State to points without or from points without the State to points within, but that such taxes may be levied upon all messages carried and delivered exclusively within the State; " citing a long list of authorities. In that case, the Legislature of Alabama authorized the State Board of Assessment to levy a tax of two per cent. upon the gross amount of the receipts by any telegraph company, etc., from business done by it in the State. The State sought to include the receipts from all messages, whether

carried wholly within or partly without the State, and the court held that this could not be done. The question before us is not whether the State of Kansas can impose a tax upon the Express Company for business done wholly within the State; of this we have no doubt; but whether the City of Leavenworth can, under an ordinance levying a tax upon business done exclusively within the City, impose a tax upon business not done wholly within the City. Whether the City has authority under existing law, and whether the State has authority to delegate to cities the power, to tax business not done exclusively within its limits, are questions not before us in this case. We are cited to *Postal Telegraph Cable Company v. Charleston* (153 U. S. 692), as being directly in point in this case. The two ordinances, and the business claimed to be done, are somewhat similar, but that is as far as the identity of the cases goes. That was an action in the federal court to restrain the collection of the tax, and the injunction was refused; as it was held by the court that the State had authority to tax the business done in the State, and whether the city had authority to tax business which did not both begin and end in the city, was a matter over which the federal court had no authority; the court saying in relation thereto: "But this is a hardship, if such exists, that is not within our province to redress. If business done wholly within a State is within the taxing power of the State, the courts of the United States cannot review or correct the action of the State in. the exercise of that' power." In *Western Union Telegraph Co. v. City of Fremont* (39 Neb. 692; 58 N. W. Rep. 415), cited by appellee, the ordinance in question provided:

" That there is hereby levied a license-tax on each and every occupation and business within the limits

of this city,  . . .  as follows : No. 1. The sum of one hundred and fifty dollars per year on the business and occupation of receiving messages in this city . . . and transmitting the same by telegraph from this city within this state to persons and places within this state ; and receiving in this city messages by telegraph transmitted within the state from persons and places in this state to persons within this city and delivering the same to persons in this city."

In *City of Sacramento v. California Stage Company* ( 12 Cal. 134), the ordinance provided :

" Every person, company, corporation, or copartnership firm engaged in the business of carrying passengers to and from the City of Sacramento, for hire, by means of stage or stages, coach or coaches, or other modes of land conveyance, shall pay for a license to do the same as follows."

In *City of Los Angeles v. Southern Pacific Railroad Company* ( 61 Cal. 59), the ordinance provided for a license-tax " for every steam railroad company having a depot in said city, sixty dollars." These ordinances were each held to be valid, but beyond that, the cases have no bearing on this case.

The judgment of the court below will be reversed.