In Re Petition of B. G. WILSON For Writ of Habeas Corpus.

### SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW—COAL OIL—LICENSE—ORIGINAL PACKAGES. A Territorial statute which imposes a license fee as a condition upon which coal oil may be sold in the Territory is unconstitutional and void in so far as it applies to sales in original packages by the importer of coal oil, produced and refined without the Territory.

2. ID. Section 2, of the act of the Territorial Legislature, approved March 15, 1899 (Session Laws of 1899, page 101), construed to apply to sales of coal oil in the Territory in original packages by the importer and held to be to that extent unconstitutional and void.

*Petition* for a writ of habeas corpus sustained.

Statement of the case by the court.

By act approved March 15, 1899, the Territorial Legislature attempted to tax the sale of coal oil and its products, the pertinent provisions of said act, being as follows:

"Sec. 2.   No corporation, either foreign or domestic, engaged in the business of producing or refining petroleum or coal oil, or the products thereof for illuminating purposes, shall have the right to sell said commodities within the Territory of New Mexico, until a license has been issued by said Territorial Commerce Commission (provided for in section 1 of the act) authorizing such corporation to engage in the business of selling and disposing of such products.   No such license shall be issued in case of any foreign corporation until it shall have complied with the laws of the Territory of New Mexico, authorizing it to do business in the Territory, and then only upon written application therefor.   For such license every such corporation shall pay the sum of five hundred dollars.   *   * If any such corporation shall attempt to do business in this territory without having obtained such license, or,

if having obtained the same, shall attempt to do business after revocation thereof, it and its agents shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not exceeding five thousand dollars, or, in case of a natural person, imprisoned for a period not to exceed two years in the Territorial Penitentiary, or by both such fine and imprisonment.

"Sec. 5. All corporations, co-partnerships or persons who purchase and sell more than three thousand dollars in value of such commodities per annum, estimated at the market price therefor, shall be deemed wholesale dealers, and all others shall be deemed retail dealers. Said commission shall charge for a wholesale license the sum of twenty-five dollars, and for retail license the sum of one dollar. The corporations mentioned in sections two and three of this act shall be deemed producers and refiners, and any corporation, whether actually engaged in producing and refining said commodities, or engaged in the distribution of said commodities as the agent under any contract or arrangement with the actual producer and refiner thereof, shall nevertheless be deemed such producer or refiner."

Thereafter, the petitioner, charged with a violation of said section 2, was by the judge of the Second judicial district committed to answer said charge. Whereupon petitioner sued out a writ of habeas corpus in this court and the cause was heard upon the following agreed statement of facts:

"1. That the Continental Oil Company is a corporation created, organized and existing under the laws of the State of Iowa and doing buisness in the Territory of New Mexico.

"2. That the Continental Oil Company does not actually produce or refine petroleum or its products, but is engaged in distributing the same. Said company buys said commodities from the actual producers and refiners and brings a portion thereof into the Territory of New Mexico and sells and disposes of the same to all persons desiring to purchase from it.

"3. That portions of the coal oil so brought into the Ter-

ritory of New Mexico by the Continental Oil Company are shipped into said Territory on orders received by it without said Territory from persons residing within said Territory, in the original packages in which the same is put up by said Continental Oil Company for sale, and is delivered by said company to the purchasers in such original packages.

"4.   That other portions of the coal oil so brought into the Territory of New Mexico by the Continental Oil Company are shipped to the various points within the Territory where the said company has established distributing agencies, and is there stored in tanks or otherwise and delivered to purchasers in such quantities as may be desired, except that no delivery is made of less than five gallons.

"5.   That the petitioner, B. G. Wilson, is the agent of the said Continental Oil Company, and transacts the business of said company within the Territory of New Mexico, as its agent. The said B. G. Wilson is a citizen of the United States and resides in the Territory of New Mexico.

"6.   That the defendant has, since the fifteenth day of March, 1899, continuously, as the agent of the said Continental Oil Company, engaged in the business of selling within the county of Bernalillo and Territory of New Mexico, coal oil produced and refined and bought without the Territory of New Mexico as set forth in paragraphs 2, 3 and 4 of this statement, and no license has been issued to or applied for by the said Continental Oil Company or the said B. G. Wilson, nor has the said Continental Oil Company or the said B. G. Wilson paid the fee of five hundred dollars for such license as required by section 2 of an act entitled 'An act relating to sales of coal oil and its products,' approved March 15, 1899, but on the contrary, the said Continental Oil Company and the said B. G. Wilson have refused to apply for any such license and to pay the license fee prescribed by said act.

"7.   That no petroleum is or ever has been produced or refined within the Territory of New Mexico by any person or corporation, and all coal oil sold within said Territory is and always has been produced and refined beyond the limits thereof.

"8. That all coal oil brought into the Territory of New Mexico by the Continental Oil Company for sale is inspected by the territorial coal oil inspector, appointed by law for that purpose, and no coal oil is sold or offered for sale by the petitioner or by the Continental Oil Company except such as is suitable for illuminating purposes in accordance with the requirements of the statutes of said Territory.

"9. That the Continental Oil Company has fully complied with the provisions of all laws of the Territory relating to foreign corporations doing business within said Territory except the provisions of the said act entitled, 'An act relating to sales of coal oil and its products,' approved March 15, 1899, and has refused to comply with the provisions of said last mentioned act on the ground that the same is unconstitutional and void."

NEILL B. FIELD for petitioner.

E. L. BARTLETT, Solicitor General for the Territory.

PARKER, J.—Upon the foregoing record this court discharged the petitioner and it now remains for the court to express its reasons for holding this statute unconstitutional and void.

The scope and effect of the commerce clause of the Constitution of the United States has been a much mooted question before the courts, both State and Federal, ever since early in the century, and the number of cases involving this important provision have constantly increased, down to the present time. Without attempting to review or even cite the numerous cases involving the question under consideration, we think there are certain principles firmly established by the Supreme Court of the United States which are decisive of this case and which may be stated as follows:

1. Commerce between a State and Territory is "commerce among the several states" within the meaning of the Constitution. Stoutenburgh v. Hennick, 129 U. S. 141.

2. The right to conduct interstate commerce includes the

right to sell in original packages the goods which are the subject of such commerce, free from State regulations. Gibbons v. Ogden, 9 Wheat. 1 ; Brown v. Maryland, 12 Wheat. 419 ; Leisy v. Hardin, 135 U. S. 100; Schollenberger v. Penn., 171 U. S. 1.

3. A State statute, imposing a license tax upon the conduct of interstate commerce is a regulation of such commerce and invalid. Leloup v. Mobile, 127 U. S. 640; Lyng v. Michigan, 135 U. S. 161 ; Crutcher v. Kentucky, 141 U. S. 47.

4. A license may not be demanded of a foreign corporation or person engaged in interstate commerce for the privilege of conducting the same, nor may the same be prohibited, notwithstanding a like tax may be exacted for domestic business covering the same articles, and notwithstanding such domestic business may be prohibited. Crutcher v. Kentucky, 141 U. S. 47; Schollenberger v. Pennsylvania, 171 U. S. 1 ; Powel v. Pennsylvania, 127 U. S. 678; Mugler v. Kansas, 123 U. S. 623.

5. A State may tax or license a business wholly within the State, notwithstanding the person or corporation engaged in such business may also be, either incidentally or principally, engaged in interstate business, so long as the license or tax does not refer to and is not imposed upon the business which is interstate. Osborne v. Florida, 164 U. S. 650.

6. But where a license tax is laid generally upon the conduct of business in all forms, and without distinction as to whether it is interstate or local, and where the tax which is laid upon local business can not be separated from that which is on interstate business, the whole tax is in contravention of the Constitution and void. Crutcher v. Kentucky, 141 U. S. 47: Telegraph Co. v. Alabama, 132 U. S. 473 ; Ratterman v. Western Union Tel. Co., 127 U. S. 411; Leloup v. Port of Mobile, 127 U. S. 640, 647 ; Osborne v. Florida, 164 U. S. 650, 655.

Applying the foregoing principles to the facts in this case it seems clear that section 2 of the act of the Territorial Legislature under consideration is in contravention of the provisions of the Constitution and void, so far as it applies to the business

of the petitioner as agent of the Continental
Oil Company. . The petitioner, as such agent,

Constitutional
law: coal oil:
license: origi-
nal packages.

is engaged in..the business of buying coal oil
from the producers thereof without the Terri-
tory and shipping the same into the Territory
for distribution and sale. Coal oil is a recog-
nized article of commerce, and as such entitled to the protection
of the commerce·clause of the Constitution. The sales of the
petitioner are largely in original packages, and as such not sub-
ject to a license tax. It is true that the act provides for a like
license for the sale of oil produced within the Territory, but
this fact does not take the business of the petitioner, which is
interstate, out of the protection of the Constitution. It is to
be further observed that none of the exceptions, such as the
right of inspection, the right to regulate sale in a particular way,
as by auctioneers, peddlers or hawkers, or the right to regulate
sales of intoxicating liquors under the "Wilson Act" (26 Stat.
213), or the right to exercise any of the police. powers which
are conceded to the States, intervene in this case to modify the
principles announced above. It appears, however, that some
portion of the business of the petitioner consists of the sale of
coal oil in the Territory after the original packages, in which
the same is put up for sale, have been broken, and as to this
portion of his business he, or his company, might be properly
taxed. But section 2 of the act can not be interpreted or con-
strued to apply to such business. The act provides in· section
5 for a license fee of twenty-five dollars from all persons whose
sales amount to three thousand dollars per annum, and who are
termed wholesale dealers, and a fee of one dollar from all other
persons who are termed retail dealers. It may be that the peti-
tioner is subject to the payment of the wholesale or retail deal-
er's tax as prescribed by the act, but as to this it is unnecessary
to express any opinion. It is clear, however, that the license
tax of five hundred dollars applies to some character of busi-

ID.

ness other and different from that of a whole-sale or retail dealer in coal oil. There being no method furnished by section 2 of the act whereby the tax of five hundred dollars can be apportioned between the local and interstate business of the petitioner, and it not being susceptible of construction so as to apply solely to local business, the same must be held to apply to the interstate business of the petitioner and to be, consequently, unconstitutional and void so far as it applies to the business in which the petitioner is shown to be engaged.

Mills, C. J., and McFie, J., concur.

---

[837.   February 7, 1900.]