This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                    **NO. 29,444**

**JOHN BRYANT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

The State appeals the order granting Defendant's motion to suppress. We proposed to affirm the district court's decision in a calendar notice, and the State has responded with a memorandum in opposition. We have carefully considered the State's arguments, but we are not persuaded that affirmance is not the appropriate disposition in this case. We therefore affirm.

In our calendar notice, we limited our discussion to the question of whether the district court erred in finding the stop to be pretextual. The district court found that the officer stopped Defendant in order to conduct an investigation unrelated to Defendant's driving, and therefore, under *State v. Ochoa*, 2009-NMCA-002, 146 N.M. 32, 206 P.3d 143 (filed 2008), *cert. granted*, 2008-NMCERT-012, 145 N.M. 572, 203 P.3d 103, the stop was pretextual. [RP 115-16] We relied on *Ochoa* in our calendar notice, and proposed to agree that the stop was pretextual and the evidence seized as a result of the stop was inadmissible.

In response to the calendar notice, the State argues that we should reconsider and reject the decision in *Ochoa*. The State claims that, by granting certiorari in *Ochoa*, the Supreme Court "has precluded [our Court] from acting on" [the *Ochoa*] decision. [MIO 5] Although the State cites to authority for its discussion of why certiorari is granted in certain cases, and the effect of the issuance of mandate on our decisions, the State does not cite authority for its claim that we are "precluded"

from following our own decisions, particularly when the Supreme Court has not yet decided a case on certiorari. *See State v. Doe*, 93 N.M. 143, 145, 597 P.2d 1183, 1185 (Ct. App. 1979) (explaining that appellate court will not consider arguments that are not supported by cited authority). Our Supreme Court has granted certiorari in *Ochoa*, but has not yet made any decision in the case. As *Ochoa* has not been overruled or reversed, we continue to rely on that decision in addressing the issues raised by this appeal. We decline the State's request to certify this case or hold it in abeyance until the Supreme Court reviews our decision in *Ochoa*.

The State again argues that Defendant consented to additional questioning and a search of his vehicle after he was informed that he was free to leave. The State claims that the consent to additional questions and the consent to search were not tainted by the initial stop because the stop and questioning were sufficiently separated in time and by intervening circumstances in that the officer issued a warning and Defendant indicated that he knew he was free to leave. [MIO 29-30] As discussed in our calendar notice, Defendant established that he was arrested on charges unrelated to the stop; the officer was trained to conduct drug investigations and his partner was a K-9 dog; the officer stopped Defendant on a known "operation pipeline" for moving drugs; the officer found Defendant to be

cooperative and stated that Defendant's answers to questions did not vary; the officer admitted that Defendant's nervousness was typical of persons stopped by police and that most people consent to the search of a vehicle; and the officer stated that, if Defendant had not consented to a search, he would still have deployed his K-9 partner around the vehicle. Based on the evidence presented below, the district court's finding that the officer's motive for stopping Defendant was unrelated to Defendant's driving, and was therefore pretextual under *Ochoa* is supported by substantial evidence. For these reasons and those discussed in our calendar notice, we affirm the order granting Defendant's suppression motion.

**IT IS SO ORDERED.**

 

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**