### HARRIS COUNTY et al. v. HAMMOND.
### (No. 7634.)

(Court of Civil Appeals of Texas. Galveston. April 12, 1918. Rehearings Denied May 2, 1918.)

1. SHERIFFS AND CONSTABLES ⊂⇉71—MAXIMUM AMOUNT OF FEES — ACCOUNTING — "FEES OF OFFICE."

Allowances made the sheriff by commissioners' court for safekeeping and maintenance of prisoners in jail are not "fees of office," within the maximum fee bill (Acts 33d Leg. c. 121, § 1 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 3881–3883, 3887, 3889, 3893, 3897, 3898J]), and need not be reported or accounted for by him by provisions of said bill.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fees.]

2. SHERIFFS AND CONSTABLES ⊂⇉71 — ACCOUNTS FOR KEEPING PRISONERS—SUFFICIENCY.

A sheriff's accounts for keeping prisoners, giving the name of each person, the date and

hour committed, the offense, when and how released, the number of days in jail, and arriving at the amount of the bill by multiplying the number of days by the per diem allowance per prisoner, was not required to be more fully itemized, under Code Cr. Proc. 1911, art. 1148, requiring accounts presented to commissioners' court for keeping prisoners to state the name of each prisoner and each item of expense incurred on account of each prisoner.

**3. PRISONS ⊙⊸18(1)—CHARGES OF SHERIFF—"DAY."**

The sheriff is entitled to per diem allowance of 40 cents for a prisoner under his contract with commissioners' court, where a prisoner is in jail for any substantial part of a day, though not an entire day.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Day.]

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by Frank Hammond against Harris County and another. From the judgment rendered, defendants appeal. Reversed and rendered in part, and affirmed in part.

Jno. H. Crooker and Fisher, Campbell & Amerman, all of Houston, for appellants. R. W. Franklin and Andrews, Streetman, Burns & Logue, all of Houston, for appellee.

PLEASANTS, C. J. The following statement of the nature and result of this suit, copied from appellants' brief and concurred in by the appellee, is a correct and sufficient statement of the case:

This suit was filed by Frank Hammond, sheriff of Harris county, against Harris County, to recover the amounts claimed to be due him for the safe-keeping, support, and maintenance of prisoners confined in the jail of Harris county for the month of March, 1917, amounting to $1,776.40, and for the month of April, 1917, amounting to $1,528. H. L. Washburn, county auditor, was made a party, with a view to compelling him, by mandamus, if necessary, to approve the accounts. He had previously refused to approve the accounts, because the sheriff refused to file any other expense account for the safe-keeping, support, and maintenance of prisoners than those he had been filing, a sample of which is attached to his petition. The facts are agreed to, as shown by the agreed findings of fact by the court.

Harris county and H. L. Washburn, county auditor, answered the plaintiff's petition, their answers being practically identical, excepting generally and specially to the petition of plaintiff, and answering to the merits. By such exceptions the sufficiency of plaintiff's accounts were assailed upon the grounds that article 1148 of the Code of Criminal Procedure requires that such account for the safe-keeping, support, and maintenance must "state the name of each prisoner, and each item of expense incurred on account of each prisoner, and the date of each item."

An examination of the accounts filed, which are attached as original exhibits to the petition, will disclose that the only information contained in the account was the name of the prisoner, the court from which committed, the date and hour committed, the offense, when and how released, and the number of days in jail. The amount of the bill was arrived at by multiplying the number of days by 40 cents, the per diem allowance per prisoner.

The county contended in its pleadings that it was the duty of the sheriff to file an itemized expense account showing each item of expense incurred by him for the safe-keeping, support, and maintenance of prisoners, especially the actual cost of purchasing, preparing, and serving their food, and that until a report in substantial compliance with article 1148, Code of Criminal Procedure, was filed, the county was not required to pay the sheriff anything.

The general and special exceptions of the defendants were overruled, to which action error is assigned.

Harris county and the auditor further alleged that the actual cost of the sheriff for the safe-keeping, support, and maintenance of prisoners did not exceed 15 cents per day per prisoner, and that he was presenting his accounts upon a basis of 40 cents per day per prisoner, and was claiming the difference as an emolument of office, and that, if Harris county paid the accounts, its action would be final in this regard. It also offered to pay, without prejudice, the actual cost to the sheriff for the safe-keeping, support, and maintenance of prisoners.

The county also alleged that charges for a full day had been made by the sheriff, where prisoners had been confined but fractional parts of days.

By way of cross-action, the county of Harris and the county auditor prayed for a writ of mandamus to compel the sheriff to file (1) an itemized report in accordance with article 1148, Code of Criminal Procedure, showing, among other requisites, the actual cost of feeding prisoners; (2) the monthly reports required by article 3897, Vernon's Sayles' Ann. Civ. St. 1914, showing "an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his said office," especially the actual cost of the safe-keeping, support, and maintenance of prisoners.

The plaintiff replied by supplemental petition, excepting to defendants' answer, in so far as the same sought to compel a more detailed expense account under article 1148, Code of Criminal Procedure, than the ones filed by him. He excepted generally and specially to the cross-action, seeking a mandamus to compel the reports under article 1148, Code of Criminal Procedure, and article 3897, Revised Statutes of 1914 (Vernon's Sayles' Ann. Civ. St. 1914).

Upon the trial, the facts set out in the court's findings were agreed to be true, and upon a hearing the court rendered judgment as follows:

(1) He overruled the general and special exceptions of the defendants.

(2) He overruled the general and special exceptions of the plaintiff, contained in his supplemental petition.

(3) He rendered judgment for the plaintiff for the full amount sued for, allowing 40 cents per day for each prisoner confined for a day or any fraction thereof.

(4) He denied the prayer of the defendants for a mandamus to compel an itemized account under article 1148, Code of Criminal Procedure, and held the accounts filed as sufficient.

(5) He held that the amounts paid the sheriff for the safe-keeping, support, and maintenance of prisoners were fees of office, and must be accounted for after deducting the expenses, as provided for under article 3897, and granted the prayed-for writ of mandamus, as prayed. To this judgment all parties excepted and gave notice of appeal.

There is no fact issue in the case, and the sole matters presented on appeal by appellants are:

(1) Are the accounts filed by the sheriff in compliance with article 1148 of the Code of Criminal Procedure?

---

⊙⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(2) Are the "charges" allowed the sheriff under the provisions of the Code of Criminal Procedure to be treated as fees of office under the maximum fee bill, and must the expenses incurred by the sheriff in the safe-keeping, support, and maintenance of prisoners be reported under article 3897 of the Revised Statutes?

(3) Did the court err in allowing the account, for the full sum of 40 cents per prisoner per day, with full allowance for fractional days?

(4) Did the court err in not granting a writ of mandamus for the full period from December 1, 1914?

[1] From this statement it is apparent that the main question presented for our determination is whether the allowances made the sheriff by the commissioners' court for the safe-keeping, support, and maintenance of prisoners in jail are fees of office in the purview of the maximum fee bill, and must, by the provisions of said bill, be reported and accounted for by him. We have fully considered and discussed this question in an opinion this day filed by us in a companion case to this, styled Harris County v. Frank Hammond et al., 203 S. W. 445, and have reached the conclusion that such allowances are not embraced in the term "fees of all kinds" used in the maximum fee bill, and the sheriff is not required to account therefor. We refer to the opinion in the case above mentioned for a full statement of our views upon this question.

[2] Our conclusions upon the other questions presented are that the trial court correctly held that the accounts presented by the sheriff were not required to be more fully itemized in compliance with article 1148 of the Code of Criminal Procedure, and that the accounts as presented should have been approved by the auditor and paid by the county.

[3] We also agree with the trial court that the allowance of 40 cents per day for the board and care of prisoners is for each day the prisoner is in jail, regardless of whether he remains in jail the whole of the day. If the prisoner is kept in jail for any substantial portion of the day, the sheriff is entitled to the 40 cents. Dallas County v. Reynolds, 199 S. W. 702.

It follows, from our conclusions upon the question of the application of the maximum fee bill to the allowances to the sheriff for board and care of prisoners, that a sheriff is not required to make a report of the amounts expended for such purpose, and therefore the trial court erred in granting the mandamus, asked by the defendant, to compel the sheriff to make such report, and that portion of the judgment must be reversed, and judgment here rendered, denying the prayer for such mandamus. In all other respects the judgment is affirmed.

Reversed and rendered in part. Affirmed in part.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes