

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 18, 1972

Honorable Robert F. Burns, Jr.          Opinion No. M-1220
County Attorney
Walker County Courthouse          Re:  Questions relating
P. O. Box 614                              to the form of the
Huntsville, Texas   77340                  Sheriff's monthly
                                           bill for feeding of
                                           prisoners.

Dear Mr. Burns:

In your recent letter to this office, you asked our opinion concerning the following three questions:

1. Does the form in which the Sheriff of Walker County submits his monthly bill for feeding prisoners in his care and custody constitute an illegal bill?

2. Is the Sheriff required to submit his monthly bill for feeding prisoners in his care and custody in a particular form?

3. Is the Sheriff required to submit a separate bill for labor in preparing meals for prisoners in his care and custody or may such bill for labor be included in the Sheriff's monthly bill for feeding such prisoners, without specifically setting forth the amount paid for labor in connection with the preparation of the meals?

As a part of your request, you enclosed a monthly county food bill for May of 1972 submitted by the Sheriff of Walker County to the Commissioner's Court. That bill lists the prisoners by name, shows the number of days each was in jail during the month, the offense charged against each, the Court, and the judgment where applicable. At the

-5982-

bottom of the submitted bill are the notations "O.K. W.D."
and "Total Bill $413.29". An examination of this bill reveals
that 61 prisoners were in jail a total of 291 "days" during
the month of May, 1972. There is nothing from the bill itself
to show the derivation of the $413.29 amount.

Article 1046, Vernon's Code of Criminal Procedure,
provides as follows:

> "At each regular term of the Commissioner's
> Court, the Sheriff shall present to such
> Court his account verified by his affidavit
> for the expense incurred by him since the
> last account presented for the safekeeping
> and maintenance of prisoners, including
> guards employed, if any. Such account
> shall state the name of each prisoner, each
> item of expense incurred on account of such
> prisoner, the date of each item, the name
> of each guard employed, the length of time
> employed and the purpose of such employment."
> (Emphasis added)

Without more, it seems apparent that the bill submitted
by the Sheriff of Walker County as above described would not
satisfy the requirements of Article 1046, set out above.
Section 2 of Article 1040, Vernon's Code of Criminal Procedure,
requires in part the following in regard to the Sheriff's
annual report:

> " . . . The Sheriff shall in such report
> furnish an itemized verified account of all
> expenditures made by him for feeding and
> maintenance of prisoners, accompanying such
> report with receipts and vouchers in support
> of such items of expenditure, and the dif-
> ference between such expenditures and the
> amount allowed by the Commissioner's Court
> shall be deemed to constitute the net pro-
> fits for which said officer shall account
> as fees of office."

Taken together, Articles 1040 and 1046 require that the
Sheriff report considerably more concerning the support and
maintenance of prisoners than just the number of prisoners and
their term of confinement.

The predecessor of Article 1040, (Article 1142 of the Code of Criminal Procedure, as amended in 1911), said nothing about "fees of office" and it was determined in the case of Harris County vs. Hammond, 203 S.W. 451 (Tex.Civ.App. 1918, error ref.) that the per diem allowance for feeding and maintenance of prisoners was a reimbursement of actual expenses and not a "fee of office" for which accurate reporting was required. That case determined that detailed accounting of the expenses incurred in the maintenance and feeding of prisoners was not necessary. When Article 1040, supra, was enacted in 1923, there was a conceptual change made which necessitated full and accurate reporting by the Sheriff to the Commissioner's Court of his monthly food bill. Once it was determined that a Sheriff had to consider any excess of allowance over actual expenses as "fees of office", full accounting and reporting became essential. Subsequently, however, there was enacted the Officers Salary Act of 1935, codified as Article 3912e, Vernon's Civil Statutes, which requires that no county of 20,000 or more population according to the last preceding Federal Census shall pay to any county officer any fee or commission for any service by him performed as such officer. Article 16, Section 61 of the Texas Constitution now requires that Sheriffs be compensated on a salary basis. Obviously, any fees or allowances provided a Sheriff as described in Article 1040, supra, are not now permissible. See Attorney General's Opinion No. V-655, 1948, holding that Article 3912e, V.C.S., had superseded Section 1 of Article 1040.

We are left now with the necessity of determining the effect of Article 1046, supra, on reports by the Sheriff to the Commissioner's Court. The reasoning behind the Hammond case, supra, depended upon the Sheriff being compensated by an allowance based on a per prisoner charge set by the Court within the Statutory limits. At the time of Hammond no consideration was given, and no accounting was necessary, to the determination of excesses or deficiencies in this allowance. The Sheriff bore the loss or enjoyed the gain. As stated above, Article 1040 was amended to make excesses accountable as "fees of office". Subsequent enactment of Article 3912e eliminated "fees of office" as a concept, but made the cost of feeding prisoners strictly a county expense. Since the Sheriff is not on an "allowance" any more, but, instead, accounts to the Commissioner's Court for his expenditures incurred in the feeding of prisoners, a more strict accounting procedure is understandably required. Article 1046, supra,

contemplates an accounting for "each item of expense in-
curred on account of such prisoner". Obviously, under such
a requirement, the Sheriff must carefully account for his
expenditures in the feeding of prisoners in his custody,
since such accounting will be necessary to determine reim-
bursement from the County. We, therefore, conclude, in
answer to your first question, that a monthly bill for
feeding prisoners such as the one submitted by the Sheriff
of Walker County for the month of May, 1972, is not suf-
ficient and does not comply with the requirements of Article
1046.

Your second question asks if the monthly bill is
required by statute to be submitted in a particular form.
Our answer to this is that need for a particular form is
not implicit in the statutes but the monthly bill must pro-
vide in good accounting form the information required in
Article 1046.

Your third question concerns the cost of preparing
meals and the relation of such item to the monthly bill for
feeding prisoners. Article 1046 requires the disclosure
of "each item of expense incurred on account of such prisoner".
Cost of preparing meals is such an item and should be ac-
counted for and itemized separately in the monthly bill.

We understand the value to the Sheriffs of this State
in specifying a particular form to be used in preparing
the monthly bill for feeding prisoners in his charge, but
no one form would fit all circumstances to be found state-
wide and we will not attempt to prescribe one. The Commis-
sioner's Courts of this State are entitled to know precisely
what the Sheriff in their county actually expends in feeding
prisoners and how that expenditure is determined. Any form
which accomplishes this in accord with Article 1046 will be
satisfactory.

### S U M M A R Y

The Sheriff's monthly food bill for
feeding prisoners in his care required by
Article 1046, Vernon's Code of Criminal Pro-
cedure, to be submitted to the Commissioner's
Court must specifically show the name of each
prisoner, each item of expense incurred on
account of such prisoner, and the date of each

item.  The monthly county food bill for
May of 1972 submitted by the Sheriff of
Walker County to the Commissioner's Court
does not satisfy these requirements.

Article 1046 does not, however,
prescribe a specific form to be used by
the Sheriff in making his verified account
of expense incurred by him in the feeding
of prisoners.  It is proper and necessary
to include in this monthly food bill the
cost of labor involved in preparing the
meals for prisoners.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James H. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE


Kerns Taylor, Chairman
W. E. Allen, Co-Chairman


Ben Harrison
Scott Garrison
Bill Campbell
Lewis Jones

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant