WILLIAM D. MOSELEY, GOVERNOR, &C., FOR THE USE OF THE COUNTY OF MONROE, APPELLANT, VS. ASA F. TIFT, APPELLEE.

A Statute conferring authority to impose taxes, must be construed strictly.

The 32d Section of the Act of 1845, ch. 10, authorises the Boards of County Commissioners to levy a tax upon the same persons and species of property as are subject to State tax.

The Legislature, in imposing a tax upon "sales at auction," does not seem to have had in contemplation either a tax upon the person of the auctioneer, or upon the property sold by him. The tax so imposed is in the nature of a commission upon the amount received by him for sales made, and for which he is personally liable to the State. The Legislature did not design to confer the power of imposing taxes of this sort for County purposes.

Appeal from the Circuit Court of Monroe County.

The case is stated in the opinion.

*Baltzell* for Appellant.

ANDERSON, *Chief Justice*, delivered the opinion of the Court.

This case is brought up by appeal from the Circuit

Court sitting in Monroe County. It was an action of debt brought by the plaintiff here in the Court below, on an official bond given by the defendant as an auctioneer.

The bond is in the form required by law, and is conditioned that the defendant " shall well and truly discharge " the duties of auctioneer, and pay into the treasury of " the State of Florida two per centum of the gross amount " of sales made by him or by his order, or in any other " manner, according to the laws now in force, or which " may hereafter be passed, regulating sales at auction, and " prescribing the duties of auctioneers in relation to the " same."

The breach assigned is in substance as follows : That the defendant did not well and truly discharge the duties of auctioneer, according to the conditions of the obligation aforesaid, in this : that in the year 1847 the County Commissioners of Monroe County had assessed a tax of one per cent. *on the amount of auction sales* made in that County and that defendant had made auction sales during that year to the amount of $30,000, and had not paid the tax of one per cent. so assessed.

The defendant demurred to the declaration, and for cause of demurrer, said, " that the said County Commis-" sioners had not the authority by law to levy said taxes."

The condition of the pleadings presents a single question to our consideration.

The power of the County Commissioners claimed by the plaintiff, and thus denied by the defendant, depends upon the construction given to the 32d Sec., ch. 10, of the Acts of 1845. See Thompson's Digest, 99. It is there provided, " that the Board of County Commissioners shall in every " year lay a County tax *upon the same persons and spe-* " *cies of property* as are subject to State tax," &c.

A statute conferring authority to impose taxes, must be

construed strictly, and if this rule of construction be applied to the case before us, there seems to be no difficulty in ascertaining the limits of the powers of the Commissioners. They extend to the right of taxing " persons and property," under certain restrictions as to the kind and amount. In imposing a tax upon " sales at auction," the Legislature does not seem to have had in contemplation either a tax upon the *person* of the auctioneer, or upon the property sold by him. The tax is in the nature of a commission upon the amount received for the sale of property, and is not to be satisfied out of the property itself, as other taxes. It is a personal charge upon the auctioneer, for which he alone is responsible, and yet it is not in the nature of a capitation tax. We do not think the Legislature designed to give authority to the County Commissioners to impose a tax of this sort for County purposes. We do not know of any instance in which this right has been elsewhere asserted, and the general sense of the limitation of the authority of the Commissioners, indicated by the absence of any such claim, we believe to be warranted by a true construction of the statute.

The judgment of the Court on the demurrer must be affirmed.