B. A. Brown v. St. Lucie County.

Defendant in Error.
153 So. 906.
Opinion Filed July 22, 1933.
Opinion on Rehearing Filed March 7, 1934.

*Alto Adams* and *T. B. Ellis, Jr.,* for Plaintiff in Error; *F. L. Hemmings,* for Defendant in Error.

Buford, J.—The Sheriff of St. Lucie County sued the county to enforce the reimbursement to him for funds expended by him in the employment of a servant at the jail and in the employment of two guards alleged to have been kept regularly at the jail.

Four pleas were filed, as follows:

"Plea No. 1:

"That it was never indebted as alleged.

"Plea No. 2:

"This defendant says that the plaintiff claims the defendant is indebted to him in the sum of $546.00, and that he claims $426.00 of said amount to repay him for money paid out by him as Sheriff of St. Lucie County for hire of servant at the jail at the rate of $1.00 per day.

"This defendant says that said plaintiff employed and fixed the compensation of such servant without being authorized so to do by the Board of County Commissioners of St. Lucie County, Florida, and without the consent of said board. This defendant says that no law of the State

of Florida imposes any liability on this defendant to the plaintiff for amount of servant hire paid out by the plaintiff for the purposes and under the conditions as set forth in this plea.

"Plea No. 3:

"This defendant says that the plaintiff claims the defendant is indebted to him in the sum of $546.00 and that he claims $120.00 of said amount to repay him for money paid out by him as Sheriff of St. Lucie County for hire of guards for prisoners in jail and on jail premises at the rate of $2.00 per day.

"This defendant says that said plaintiff employed and fixed the compensation of such guards for said purposes without being authorized so to do by the Board of County Commissioners of St. Lucie County, Florida, and without the consent of said board; that the bill for such guard hire presented by the plaintiff to said Board has not been approved by the Judge of any Court; and that said guards were employed only to guard prisoners in jail or on jail premises after such prisoners had been transferred to the jail for safe-keeping. This defendant says that no law of the State of Florida imposes any liability on the defendant to the plaintiff for amount of guard hire paid out by the plaintiff for the purposes and under the conditions as set forth in this plea.

"Plea No. 4:

"This defendant says that included in the amount of plaintiff's claim is the sum of $31.00 for money paid for hire of jail servant during period of time from August 1, 1930, to August 31, 1930, inclusive, and that plaintiff presented his bill for said amount to the Board of County Commissioners of St. Lucie County on September 1, 1931, and not before said date. Wherefore, this defendant says

that the foregoing portion of the amount of plaintiff's claim is barred and unenforceable by virtue of Section 4665, Compiled General Laws of Florida, being Section 2941 of Revised General Statutes of Florida."

Demurrer was interposed to Pleas Nos. 2 and 3 and replication filed was in effect a joinder of issue on "First" and "Fourth" Pleas. Demurrer was overruled and plaintiff filed replication to Second and Third Pleas, as follows:

"For replication to defendant's plea number 2, the plaintiff says:

"1. That the employment of servant at jail was necessary for the care of jail, and for the safekeeping and care of the prisoners in the jail and on the jail premises as a public necessity.

"2. That the employment of servant at jail was necessary for the care of jail and for the safekeeping and care of prisoners in the jail and on the jail premises, and the consent of the county commissioners was not and is not a prerequisite to the right of the plaintiff to recover for the moneys paid therefor by plaintiff.

"3. That the defendant was informed and knew of the employment of jail servant, and did not object to nor protest against same.

"4. That the board of county commissioners of the defendant county was informed of and knew of the employment of jail servant, and did not object to nor protest against same.

"5. That defendant is estopped from objecting to the payment of the plaintiff's claim for money paid for servant at jail, in that the board of county commissioners knew of the said employment, and the public necessity therefor.

"6. That the law does allow compensation for the said employment."

And for replication to plea No. 3, plaintiff says:

"1.    That the statute does provide for and impose liability on the defendant for the money paid for guard hire.

"2.    That the employment of guards was a public necessity.

"3.    That defendant, and its board of county commissioners were informed of and knew of the employment of guards, and did not object to nor protest against the same, and the defendant is estopped from denying liability."

Demurrer to replication was sustained.

Thereupon, the following stipulation was entered:

"It is hereby stipulated and agreed by and between B. A. Brown, plaintiff, by Alto Adams and T. B. Ellis, Jr., his attorneys, and St. Lucie County, Defendant, by F. L. Hemmings, its attorney, as follows:

"1.    That defendant's plea No. 1 and plaintiff's replication thereto shall be considered as withdrawn from the files in this cause.

"2.    That plaintiff's replication to defendant's plea No. 4 shall be considered as withdrawn from the files in this cause.

"3.    That in the event the plaintiff shall take an appeal to the Supreme Court from any final judgment rendered against him and said judgment shall be reversed, then the plaintiff and defendant shall have the privilege of refiling the plea and replication hereby withdrawn."

Judgment was entered in favor of defendant.

The question of adjudication is whether or not the sheriff may recover the sum necessary to reimburse him for the hire of a servant and regular guards at the jail without first having had the approval of the board of county commissioners for such employment at the expense of the county.

The sheriff may have from the county only such compen-

sation and reimbursements as are allowed by statute. Rawls v. Nolan, 98 Fla. 103, 122 Sou. 222.

Section 6171, R. G. S., 8485, C. G. L., provides as follows:

"No unnecessary charge for confining prisoner to be allowed.—No charge for rent of any house for confining prisoners, or for guarding prisoners, any longer than it may be necessary for transferring such prisoner to jail or place of safe-keeping, or during the session of court at which such prisoner shall be arraigned, or to which he may be brought for trial, shall be allowed against the State or county."

This statute precludes the collection of the amount to reimburse the sheriff for hire of guards such as the record shows involved in the case.

We have been unable to find, nor has counsel for the appellant directed us to, any authority authorizing the sheriff to employ a servant at the jail at the expense of the county. The sheriff is allowed certain fees for placing prisoners in jail and for discharging them from jail and for feeding them while in prison. The item of feeding prisoners in jail, includes the purchase, preparation and delivery of the food to the prisoner where he is to eat the same, and the furnishing of the proper utensils for his use in partaking of the food. Therefore, it includes cook hire if the sheriff undertakes to prepare and serve the meals to the prisoners.

Guard hire and servant hire may be allowed in particular cases, when ordered and approved by the judge having jurisdiction of such cases. 2891, R. G. S., 4588, C. G. L.

Therefore, it appears that the judgment must be affirmed and it is so ordered!

Affirmed.

WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.

Davis, C. J., dissents.

Davis, C. J. (dissenting).—Section 4588, C. G. L., 2891, R. G. S., entitled "Manner of Payment and Amount" of Compensation of Sheriffs in this State provides for two items of compensation as follows:

"Guards, not more per day than_____$2.00

"Servants, not more per day than_____ 1.00"

The items in question, in their present form, or in lesser amounts, have been in force in this State for many years and by a long settled administrative interpretation of the statute for more than thirty years, has been understood to mean that when the sheriff of a county, in the exercise of his honest judgment, based upon a fair necessity therefor, employs guards or servants in connection with the county jail, which is county property, and which the law requires him to manage and look out for, the county shall thereby become liable to him for reimbursement for guards and servant hire at the statutory rates.

I am unable to see wherein precedents of nearly a half century's standing should now be disregarded and a revolutionary construction adopted by the sheriff's fee statute, which will result in the creation of a hazardous condition at some jails by reason of the cutting off of the sheriff's allowance for a night guard to prevent prisoners from being burned to death should fire break out in a small jail where they are confined alone without some guard near at hand to release them should emergency demand.

The majority opinion undertakes to write into the statute a requirement that allowances for guard hire and servant hire be approved by the judge having jurisdiction "in such cases,"—a provision I am unable to find here. But assuming that such provision exists, just what judge would have jurisdiction over the county jail in a county which had a

county judge's court, a county court of crimes, a criminal court of record and a circuit court, all with prisoners confined in the same jail under the processes of each?

In State, *ex rel.* Comfort v. Leatherman, 99 Fla. 899, 128 So. 21, this Court said:

"The practical construction placed upon a statute by an administrative department of the State government, when not in conflict with the Constitution or the plain intent of the Act, is of great persuasive force and efficacy, especially when established by long usage."

The record here is replete with a showing that the practical construction placed upon the aforementioned items in Section 4588, C. G. L., *supra,* for many years has been that a county sheriff is entitled, in the exercise of his fair and honest judgment, based upon a real necessity, to employ guards and servants deemed by him to be essential for the proper protection and management of the county jail, and when he exercises his perogatives in that regard, he is entitled to claim, and have paid, by the county, just as any other legal claim, reimbursement at the statutory rate for his actual outlay for the statutory items, without the condition precedent approval of either the county commissioners, or of any judge thereof.

I think the judgment should be reversed, the employment and the necessity for it having been admitted by the pleadings in this case.

## ON REHEARING.

PER CURIAM.—This case is before us on rehearing granted after opinions were filed on July 22, 1933, the majority opinion having been written by Mr. Justice BUFORD and a dissenting opinion having been written by Mr. Chief Justice DAVIS.

A majority of the Court, after reconsideration of the case, pursuant to oral argument had on rehearing, is of the opinion that the dissenting opinion filed by Mr. Chief Justice Davis should be adopted as the controlling opinion in this case. It is, therefore, so adopted and, therefore, it is the judgment of the Court that the judgment appealed from should be reversed and the cause remanded, with directions that further proceedings be had not inconsistent with that opinion. It is so ordered.

Reversed.

Davis, C. J., and Ellis, Terrell and Buford, J. J., concur.