J. M. Smith, *et al.*, v. State, *ex rel.* S. C. M. Thomas, Sheriff.

154 So. 184.

Opinion Filed April 4, 1934.

*Wallace E. Sturgis,* for Plaintiffs in Error;

*W. E. Smith,* for Defendant in Error.

Buford, J.—In this case the only question presented is one of law, *viz.:* Is a sheriff under the provisions of a statute fixing the sheriff's compensation for feeding prisoners at "sixty-five (65) cents per day each" entitled to charge and collect the sum of sixty-five cents for each day and compute a substantial fraction of a day as a day for such purpose?

The weight of authority supports the view that where a prisoner is kept in jail and fed for a substantial portion of a day the sheriff is entitled to pay for the full day. See 50 C. J. 361; Dallas County v. Reynolds (Texas C. A.), 199 S. W. 702; Harris County v. Hammond (Texas C. A.), 203 S. W. 451; Board of County Commssioners v. Boswell, 1 Wyoming 292.

In the State of Tennessee the statute provided that jailors shall be entitled to receive 50 cents per day for keeping and feeding each prisoner in his jail "provided that three meals a day be furnished said prisoners and that no sheriff shall be allowed compensation for feeding prisoners unless after commitment he actually feeds said prisoners." And, in State, *ex rel.* v. Trotter, 142 Tenn, 160, 218 S. W. 230, it was held that under this statute the sheriff could only charge fifty cents a day when three meals were served to the prisoners and that if less than three meals were served the charge should be proportionately reduced.

We think that if the Legislature had intended that fractions of days should not be computed as full days that it would have so indicated in the statute enacted.

The statute does not designate the number of meals to be served or the hours at which they are to be served, nor does it designate what should be served as a meal. All these things are left to the reasonable discretion of the sheriff.

Jurors are allowed a certain per diem for serving as jurors. Nobody would reasonably contend that a juror who is summoned to serve in a court in the morning and is discharged at noon is only entitled to pay for one-half of the day, or that a sheriff being allowed a certain fee per diem for attendance upon court should be paid only for a fractional part of a day that he might be in attendance upon the court, or that a court reporter who is allowed a per diem for attendance upon court may only be paid for the proportionate part of the day during which such reporter is required to be in attendance upon the court. In all these things the law recognizes no fractional part of a day, but considers each day or substantial part thereof as a day.

Of course, a sheriff would not be entitled to fees for

feeding a prisoner which he did not feed at all. The fees provided are not for keeping the prisoner in jail, but are for feeding the prisoner and in this case the allegations of the petition, together with the itemized account for the fees sought to be collected, shows that the fees were charged for *feeding* prisoners and the court below adjudged the sheriff to be entitled to the compensation claimed for feeding prisoners.

We find no error in the judgment. Therefore, it should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

DAVIS, C. J. (concurring).—In Florida the "fees" allowed to sheriffs for feeding prisoners are more than a ration allowance such as obtains in the military service where a "ration" for soldiers consisting of three meals is allowed at so much per day for each man, and where in case of fractions of days, fractional rations only are paid for.

For a number of years "fees" for feeding prisoners have been construed as being just that—"fees" allowed to the sheriff both as *compensation* for the service he performs in feeding and providing for the feeding of prisoners, as well as *reimbursement* for the cost of food, etc., he purchases. If the sheriff makes a large profit out of such fees, he has always been under our Florida practice, required to account for such profit as part of the earnings of his office, although there is authority to the contrary in other States. Practical construction of a statute is of great persuasive force. State, *ex rel.* Comfort v. Leatherman, 99 Fla. 899, 128 So. 21.