BILL FREY, INC., *et al.,* v. STATE, *ex rel.* ROBERT R. TAYLOR, as County Solicitor, Dade County.

173 So. 812.

Opinion Filed April 12, 1937.

*J. F. Gordon,* for Appellants;

*George A. Worley, Albert D. Hubbard* and *Glenn C. Mincer,* for Appellee.

Davis, J.—The State of Florida on relation of Robert R. Taylor, as County Solicitor of Dade County, filed bill for injunctive relief against the operation of certain slot machines which, being gambling devices publicly operated so it was alleged, constituted a nuisance subject to abatement by injunctive proceedings brought under Section 5029 C. G. L., 3223 R. G. S. The Chancellor held the bill well founded. Defendants have appealed from an order to that effect refusing to dismiss the bill and overruling a motion to strike a paragraph of same.

The theory upon which the order appealed from was made is stated in the Chancellor's order as follows:

"It appears that the machines involved are licensed as automatic vendors, under paragraph 1 of Section 2 of Chapter 17257, Acts of 1935, which reads as follows:

" '(1) Automatic coin-operating vending and amusement machines with premium features, which may or may not vend for each coin deposited a standard article of merchandise having a recognized retail value, and which at intervals vend checks, tokens, coins or orders which may or may not be exchanged for additional merchandise. Hereinafter this type will be referred to as automatic vendors.'

"Paragraphs 2 and 3 of Section 2 define skill machines and trade machines; paragraph 4 of Section 2 defines other machines, which paragraph 4 reads as follows:

" '(4) "Other Machines." All other coin-operated machines or slot machines not covered by any of the above definitions, classifications or descriptions, shall be classified as 'other machines' and shall be subject to an occupational license tax as hereinafter provided.'

"Different license fees are provided for the various types of machines. The question here is whether or not para-

graph 1 or paragraph 4 of Section 2 applies to the machines described in plaintiff's bill of complaint.

"The defendants contend that paragraph 1, Section 2, applies and the plaintiff contends that paragraph 4 of Section 2 applies. The defendants contend that the license provided by paragraph 1 applies to machines of two classes, that is:

"(1) Those 'which may * * * vend for each coin deposited a standard article of merchandise.'

"(2) Those 'which * * * may not vend for each coin deposited a standard article of merchandise.'

"The State contends that paragraph 1 applies to only one class of machines, that is, those machines which 'may or may not vend for each coin deposited a standard article of merchandise.'

"It must be borne in mind that it is vending machines with premium features, gambling and gambling machines, with which we are dealing, and the statute must be interpreted in that light.

"Said paragraph has reference to a machine vending merchandise where the gamble is whether it does or does not vend, hence, in the language of the statute, it 'may or may not vend.' The necessary element is that the player must have a *chance* to receive the merchandise to be vended and the player must have a *chance* at intervals to receive checks, tokens, coins or orders, for chance means 'may or may not.'

"I think that the paragraph 1 describes *one* class of machines and that the clause reading 'which may or may not vend for each coin deposited a standard article of merchandise' means, in other language, 'a machine which *by chance* may or may not vend for each coin deposited a standard article of merchandise' etc.

"In consideration of the premises, it is thereupon Or-

DERED, ADJUDGED AND DECREED that said motion to dismiss be and the same is hereby overruled and denied, and that said motion to strike all paragraph 5 of plaintiff's bill of complaint be likewise denied.

"DONE AND ORDERED in Chambers, at Miami, Florida, this 2nd day of June, A. D. 1936.

"PAUL D. BARNS, *Circuit Judge.*"

Whatever may be applicable license tax on the particular slot machines described in the bill of complaint and referred to in the Circuit Court's order, it is established by the record that said slot machines have been duly licensed in fact in accordance with Chapter 17257, Acts of 1935, and are therefore not outlaw machines in contemplation of law, such as can be subjected to summary seizure, confiscation or abatement as nuisances.

Under the Constitution of this State, the Legislature may provide for licenses. Not only may it provide for the issuance of such licenses but it may impose a tax on each license granted. Section 5, Article IX, State Constitution. Under Chapter 17257, *supra,* the State has provided for licensing slot machines although they may be gambling devices, and has in addition to licensing same duly imposed a special revenue tax on the authorized licenses in varying amounts—the classification of particular machines for license purposes being committed to the primary judgment of the Comptroller. Section 6, Chapter 17257, Acts 1935.

So where a slot machine operator has applied for a license for his slot machine under the 1935 Act, and has *bona fide* complied with all conditions demanded of him, obtained in fact a license to operate designated machines, and he has paid to the proper State, county and municipal authorities all license taxes apparently collectible thereon, *as computed and demanded* by such authorities in the course

of their interpretation and administration of the Act, and in the course of applying it to the involved mechanical devices for which licenses have been applied and procured, such slot machine owner becomes entitled as a licensee under State law to full protection against all collateral attacks upon the judgment of the involved tax collecting and licensing officers, and it is beyond the province of the courts in collateral proceedings to treat machines duly licensed in such manner in good faith and in apparent compliance with the statute as construed by the State officer charged with its administration, as public nuisances whether the judgment of the administrative officer in the premises be technically correct or not as a matter of statutory interpretation. See State, *ex rel.* Comfort, v. Leatherman, 99 Fla. 899, 128 Sou. Rep. 21; Brown v. St. Lucie County, 114 Fla. 789, 153 Sou. Rep. 906 (908).

The practical construction placed upon a tax statute by an administrative officer of the State charged with interpreting and enforcing it, when not in conflict with the Constitution or the *plain* intent of the Act, is of great persuasive force and efficacy, especially when it involves the application of the Act as made to controverted factual situations required to be decided by the administrative officer whose judgment is only brought in question collaterally, in a proceeding to which he is not a party. See cases last cited.

Where a tax collecting officer collects an insufficient amount of tax upon a license or other taxed subject, so that the tax collected is less than what the law clearly requires to be exacted by the officer, a complaint in mandamus to compel performance of the uncompleted duty of collection by causing a demand to be made for the uncollected portion of the tax, may be maintained at the instance of other tax-

payers, or affected public authorities. But until the judgment of the tax collecting authority is so attacked and reversed by judicial action, the official act of the officer, and his determination based thereon, must be allowed to stand and continue to be recognized in cases where it is only collaterally involved, and is not shown to be palpably wrong or fraudulently conceived.

The bill in this case shows, and the Chancellor so found, that the affected slot machines here in controversy were actually licensed by the proper authorities, and that their owners had paid all fees regularly demanded of them according to their own best judgment, and according to the best judgment of the Comptroller, who is charged with the duty of carrying out the Act as the State's representative for that purpose. It also shows that the licenses were issued and taxes thereon collected in a manner not palpably wrong nor fraudulently conceived. Therefore the licenses issued and held by the operators of the slot machines in controversy in this case constituted a good and sufficient lawful defense against the charge of nuisance laid in the State's bill of complaint for injunctive abatement filed by the County Solicitor, and such bill should have been dismissed on Appellant's motion to that end.

Reversed with directions to dismiss the bill.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs in the conclusion.