ROBERTS, Justice.
This is an appeal from a peremptory writ of mandamus issued in a proceeding instituted by the appellee in the court below against the appellants. (It might be noted, parenthetically, that the right of the ap-pellee to institute the proceeding was not questioned in the court below, nor is it questioned here.) By the terms of the peremptory writ, the appellant McKinney, as Director of the State Beverage Department, was directed to revoke and annul a beverage license theretofore issued to the appellant Jones to sell alcoholic beverages for consumption on the premises in a restaurant operated by her.
The case has to do with an interpretation of Section 561.20(2), Fla.Stat.1953, F. S.A., which provides that the population limitation as to the number of beverage licenses which may be issued, contained in subsection (1) of Section 561.20, shall not be applicable to “ * * * any restaurant containing all necessary equipment and supplies for, and serving full course meals regularly and having accommodations for service of two hundred or more patrons at tables and occupying more than four thousand square feet of space; * * (Emphasis added). The restaurant operated by the appellant Jones admittedly complies with the requirements of the statute in all respects, except that the interior of the building contains only 3,866.14 square feet of space (excluding partition walls between rooms), although the exterior measurements •of the building are more than 4,000 square feet. The sole issue presented on this appeal is whether the Legislature intended the measurement of the “four thousand square feet of space” to be of the exterior of the building or of the interior thereof.
The State Beverage Department has consistently interpreted the statute to refer to the exterior walls of the premises, and “It is settled law that a construction placed on a statute by a state administrative officer, * * * is a persuasive force and influential with the courts, when found not to conflict with some provision of the Constitution or the plain intent of the statute.” Volunteer State Life Insurance Company v. Larson, 147 Fla. 118, 2 So.2d 386, 387. If the Legislature had intended the measurement to be of the floor space inside the building, it could have said so in plain and unambiguous terms. It did not do so, and we can see no compelling reason for upsetting the administrative interpretation of this ambiguity.
Accordingly, the order granting the peremptory writ is reversed and the peremptory writ is quashed.
TERRELL, J., and STANLY, Associate Justice, concur.