STATEMENT OF FACTS: In 1973, Volusia County enacted ordinance number 73-20. This ordinance amended the Administrative Code of Volusia County by creating a Department of Corrections. Under this ordinance the Department of Corrections is given complete supervision and control of the Volusia County jail. It is also given the responsibility for the confinement, housing, correction, and rehabilitation of convicted criminals or other persons incarcerated in the county jail.
QUESTIONS: 1. Does the ordinance have the effect of relieving the Sheriff of Volusia County of all liability for persons incarcerated in the Volusia County jail and liability for the operation thereof? 2. Does the ordinance remove all jurisdiction and authority of the Sheriff of Volusia County over persons confined in the Volusia County jail, and jurisdiction and authority for the operation of the Volusia County jail?
SUMMARY: An amendment to the Volusia County Charter would be required to relieve the sheriff, as the head of the Department of Public Safety, of all liability and responsibility for the operation of the Volusia County jail and the prisoners therein. Although the sheriff of the county "has no exclusively inherent or constitutional right to the custody, care, and keeping of county convicts" [Lang v. Walker, 35 So. 78, 80 (Fla. 1903)], nevertheless, the county jail is county property which the law requires the sheriff "to manage and look out for" [Brown v. St. Lucie County, 153 So. 906, 908 (Fla. 1933)]. As noted in AGO 043-199, Biennial Report of the Attorney General, 1943-1944, p. 175: "The sheriff exercises custody of the jail by reason of the fact that he has charge of all prisoners committed." Accord: Attorney General Opinion 047-293, Biennial Report of the Attorney General, 1947-1948, p. 151; and AGO 072-346, in which it was stated: When the sheriff accepts custody of the person . . . arrested, that person becomes a prisoner of the county. See s.951.23(1)(b), F.S., defining "county prisoner" as "a person who is detained in a county detention facility by reason of being charged with or convicted of either a felony or misdemeanor." And the sheriff then becomes responsible for his safekeeping to the same extent as any other prisoner. It is generally held that a sheriff owes a duty to a prisoner in his custody to keep him in health and free from harm, and that the sheriff will be personally liable for a negligent breach of his duty in this respect resulting in injury or death of the prisoner. Alexander, Laws of Arrest, Vol. 1, p. 640, s. 154, cited in AGO 059-18; 80 C.J.S. Sheriffs and Constables s. 117, pp. 326-327. (Emphasis supplied.) Moreover, the sheriff's responsibility for the operation of the county jail is made more apparent by s. 30.49, F.S., which provides in pertinent part: (1) At the time fixed by law for preparation of the county budget, each sheriff shall certify to the board of county commissioners a proposed budget of expenditures for the carrying out of the powers, duties, and operations of his office for the ensuing fiscal year of the county. The fiscal year of the sheriff shall henceforth commence on October 1 and end on September 30 of each year. (2) The sheriff shall submit with the proposed budget his sworn certificate, stating that the proposed expenditures are reasonable and necessary for the proper and efficient operation of the office for the ensuing year. Each proposed budget shall show the estimated amounts of all proposed expenditures for operating and equipping the sheriff's office and jail other than construction, repair, or capital improvement of county buildings during the said fiscal year. . . . (Emphasis supplied.) See also s. 30.28, ibid., providing: Every sheriff at the expiration of his term shall deliver up to his successor the bodies of all persons whom he holds in confinement by legal process, with the precepts, warrants, or causes of such confinement. Cf. s. 30.25, ibid., providing: "For feeding prisoners the sheriff shall receive one dollar and twenty-five cents per day for each prisoner fed." Under the foregoing authorities it must be concluded that the sheriff by law has charge of all prisoners committed to the county jail and is responsible for their custody and safekeeping and for the efficient operation of the jail. I find that the Volusia County ordinance number 73-20 cannot legally deprive the sheriff of the aforesaid responsibilities imposed by law with respect to the county jail and its inmates because the Volusia County Charter Act, Ch. 70-966, Laws of Florida, provides in Section 603 thereof: "Changes in Departments. Changes shall be made in departments headed by elected directors only by amendments of this charter. . . ." (Emphasis supplied.) According to s. 602.1, ibid., the sheriff, who serves as the director of the Department of Public Safety, is to be elected every four years at the general election. And under s. 601.1(2), ibid., the following language should be noted: All functions and duties now prescribed by the Constitution and laws of Florida for the office of sheriff are hereby transferred to the department of public safety, and the constitutional office shall thereupon be terminated. Cf. Art. VIII, s. 1(d), State Const. Accordingly, in the absence of a charter amendment expressly authorizing the changes Ordinance No. 73-20 purports to effect with regard to the aforementioned responsibilities of the sheriff, your questions as set out above are answered in the negative.